UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICK DONOHUE, as
Parent and Natural Guardian of S.J.D., and
PATRICK DONOHUE,
Individually,

                              Plaintiffs,                        **CASE NO.: 20 – cv –**

       -against-

                                                           **COMPLAINT**

THE NEW YORK CITY
DEPARTMENT OF EDUCATION,

                              Defendant.
------------------------------------------------------------------------X

       Plaintiff PATRICK DONOHUE, as parent and natural guardian of S.J.D.[1], a minor, as and for his Complaint, alleges as follows:

## JURISDICTION AND VENUE

1. The instant case arises under a federal statute, the Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. §1400, et seq.) and the regulations of the United States Department of Education, which were promulgated pursuant to authority granted by the statute (34 C.F.R. Part 300).

2. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §1331, in that claims arise under federal law (IDEA), 28 U.S.C. §1343(a), in that the claims herein arise under laws providing for the protection of civil rights, and under 42 U.S.C. §1983.

3. To the extent, if any, that this case involves questions of special education rights under New York State law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

---

[1] Although the full name of the Plaintiff/Parent is used in the Complaint herein, pursuant to the federal Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232(g) (and 34 C.F.R. Part 99), Plaintiff is using the initials of the Student to protect the Student's privacy.

1

4. Pursuant to 28 U.S.C. §1391(b), venue is properly placed within the Southern District of New York in that Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") maintains business offices in New York County.

5. Plaintiff is entitled to costs and attorneys' fees under 42 U.S.C. §1988(b) and 20 U.S.C. §1415(i), if determined to be a prevailing party.

**FACTUAL ALLEGATIONS**

6. Patrick Donohue ("Plaintiff" or "Parent") is the parent and natural guardian of S.J.D.

7. S.J.D. is a fourteen (14) year-old girl who suffers from a traumatic brain injury ("TBI"). Due to her brain injury, S.J.D. is diagnosed with cortical visual impairment, cerebral palsy and a seizure disorder. Due to these medical conditions, S.J.D. has severe impairments in the following areas: cognition, language, memory, attention, reasoning, abstract thinking, judgment, problem solving, sensory, perceptual and motor abilities, psychosocial behavior, physical functions, information processing and speech, which in turn adversely affect her educational abilities and performance. Due to the severe nature of her brain injury, S.J.D. is non-verbal and non-ambulatory. Because of these impairments and related delays, S.J.D. has highly intensive management needs and requires a high degree of individualized attention, intervention, supports, adaptations, and modifications.

8. S.J.D. is a resident of New York City and is classified as a student with a disability. Accordingly, since S.J.D. is a student with a disability, the New York City Department of Education ("DOE") is obligated to provide her with a Free Appropriate Public Education ("FAPE"), pursuant to the IDEA, the Individuals with Disabilities Education Act (20 U.S.C. §1400, et seq.) ("IDEA"). FAPE is offered to a disabled student when the school district complies with the procedural requirements of the IDEA and through the development of an IEP that is reasonably calculated to enable the student to receive educational benefits. In this regard, the DOE must provide S.J.D. with an appropriate

educational placement, set forth in an Individualized Education Program ("IEP"), for every school year.

**2016-2017 School Year**

9.     S.J.D. was a student at International Academy of Hope ("iHOPE") during the 2016-2017 school year. During that school year, S.J.D. received all of her academic and related services with individualized instruction at iHOPE. S.J.D.'s disability classification was TBI and she attended an extended school day as part of a twelve (12) month academic program.

10.    The CSE developed a proper IEP for S.J.D. in March 2016, recommending a non-public school, in a 6:1:1 classroom, with all related services provided with a duration of 60 minutes. The CSE considered and determined there was no public school option appropriate for Sarah Jane, including a 12:1:4 placement in a District 75 public school.

**2017-2018 School Year**

11.    S.J.D. was a student at iHOPE during the 2017-2018 school year. During that school year, S.J.D. received all of her academic and related services with individualized instruction at iHOPE. S.J.D.'s disability classification was TBI and she attended an extended school day as part of a twelve (12) month academic program.

12.    In Findings of Fact and Decision ("FOFD") rendered by Impartial Hearing Officer ("IHO") Vanessa Gronbach on April 30, 2018, in Impartial Hearing Case No. 171539, IHO Gronbach specifically held that the educational program offered to S.J.D. during the 2017-2018 school year at iHOPE met S.J.D.'s extensive needs.

13.    In IHO Gronbach's decision, she wrote: "Here, the District conceded FAPE and based on a review of the record and the testimony I find that the District did not allow the Parent to participate in the creation of the IEP and ignored the Parent's request for updated evaluations, therefore denying the Student with FAPE during the 2017/18 school year."

14. The three CSE 10 employees who denied FAPE to S.J.D. for the 2017-2018 school year were Rochelle Flemister (Supervisor of School Psychology for CSE 10), Estelle Osofsky (CSE 10 School Psychologist) and Emilce Ortiz (CSE 10 Special Education Teacher). The deficient IEP CSE 10 developed recommended a District 75 school, in a 12:1:4 classroom, with all related services provided with a duration of 40 minutes. Ms. Osofsky and Ms. Ortiz were the two individuals who were assigned by CSE 10 Chairperson to also conducted the 2018-2019 IEPs for CSE 10.

15. IHO Gronbach established that the educational program provided to S.J.D. during the 2017-2018 school year was the new status quo. In IHO Gronbach's decision, she defined this educational program as a:

> "6:1:1 program with related services to include: physical therapy, individually, five times per week for 60 minutes, push-in or pull-out depending on the activity; occupational therapy, individually, three times per week, 60 minutes, push-in or pull-out, based on the activities; vision education services, individually, two times a week, 60 minutes per session, push-in and pull-out; speech-language therapy individually, five times a week, for 60 minutes, push-in/pull-out, depending on the school activity; assistive technology individually, two times per week for 60 minutes, push-in/pull-out based on activity. iHope also provides parent's counseling and training, once per month for 60 minutes."

16. IHO Gronbach went out of her way to highlight the progress S.J.D. was making with that educational program, when she stated, "Both the Parent and Ms. Garland were able to describe the progress made by the Student both academically and in her related services. It was stated that the Student was making progress in all areas and it was noted in her progress report on her goals that she had achieved some benchmarks towards her goals."

17. On the basis of these findings, as well as additional findings the DOE failed to provide S.J.D. with a FAPE and equitable considerations favored the Parent over DOE, IHO Gronbach awarded full tuition and related services to the Parent on behalf of S.J.D.

18. In addition, IHO Gronbach's decision order the District to "reconvene an IEP meeting to review the Student's program, at a mutually agreeable time, and shall include the Student's teachers, providers and the Parent, within 30 days of this Order."

**2018-2019 School Year**

19. On June 14, 2018, and June 23, 2018, DOE purportedly conducted two IEP meetings for the purpose of developing an IEP for S.J.D. for the 2018-2019 school year.

20. By letter dated June 21, 2018, Parent provided DOE with a ten (10) day notice indicating that S.J.D. was being placed into the non-public iBRAIN educational program for the 2018-2019 school year. The 10-day notice advised DOE that iBRAIN was appropriate for S.J.D. because the program was a specialized program designed for students who have a brain injury or a brain-based disorder. Parent further advised DOE that it had failed to respond to the Parent's request to conduct an IEP meeting with the DOE school physician present in person and at a time when all committee members would be present. The notice also advised DOE the Parent remained willing to consider an appropriate program and placement recommendation after an IEP meeting was conducted.

21. Parent entered into an enrollment contract with iBRAIN and arranged for special school transportation accommodations.

22. S.J.D. entered the iBRAIN program in July 2018 and remained in attendance throughout the school year. Based on S.J.D.'s prior school year at iHOPE, S.J.D. received an IEP at iBRAIN. In the iBRAIN IEP, S.J.D.'s disability classification is TBI and her educational program consists of an extended school day as part of a 12-month program. The individualized components of S.J.D.'s educational program consisted of the following:

- 6:1:1 special education class;
- Physical therapy – 1:1 – 5x/week, 60-minute sessions;
- Occupational therapy – 1:1 – 3x/week, 60-minute sessions;
- Speech/language therapy – 1:1 – 5x/week, 60-minute sessions;
- Vision Education – 1:1 – 3x/week, 60-minute sessions and,
- Assistive technology programming – 1:1 – 2x/week, 60-minute session.
- Parent counseling and training – 1x/month, 60-minute session.

22. Additionally, S.J.D. has a 1:1 full-time nurse during the school day, the use of an AAC device, and a 1:1 full-time paraprofessional during the school day. S.J.D. also receives special

transportation services, consisting of travel to and from home, a 1:1 travel paraprofessional during transportation, limited travel time of 60 minutes, air conditioning, a wheelchair-accessible vehicle, and flexible pick-up and drop-off time schedule. (P. Ex. E).

**Parent's Due Process Complaint - 2018-2019 School Year**

23. By letter dated July 9, 2018, Parent brought a due process complaint ("DPC") under Impartial Hearing Case No. 175162 against DOE alleging, among other things, the DOE did not provide S.J.D. with a FAPE for the 2018-2019 school year and requesting as relief, among other things, a "stay-put" or pendency order requiring the DOE fund S.J.D.'s placement at iBRAIN during the pendency of the due process proceeding, as required under 20 U.S.C. §1415(j).

24. In addition to requesting an interim order of pendency pursuant to 20 U.S.C. §1415(j) and concurrent New York State Education Law §4404, the Parent's DPC asserts that (1) DOE failed to offer S.J.D. a FAPE for the 2018-2019 school year because of procedural and substantive errors, (2) the IEP issued by DOE following the 2018 IEP meetings were not appropriate for S.J.D., (3) DOE improperly failed to re-convene the IEP meeting after Parent requested same on June 21, 2018, and (4) as and for a remedy, requested that DOE pay the costs of Full Tuition and additional related services such as nursing and special transportation for S.J.D.'s attendance at iBRAIN for the 2018-2019 school year, and reconvene an annual review meeting for the student.

**IHO's Decision In Favor of Plaintiff**

25. After conducting a hearing concerning the issues raised in Plaintiff's DPC, IHO John Farago issued a Findings of Facts and Decision ("FOFD") in Case No. 175162. Said FOFD found that: 1) the DOE denied S.J.D. a FAPE for the 2018-2019 school year; 2) iBRAIN was an appropriate placement for S.J.D.; and 3) a balance of the equities did not favor either party.

26. As a result of these findings, IHO Farago issued an order in favor of the Plaintiff requiring DOE to fund S.J.D's tuition and related expenses at iBRAIN for the 2018-2019 school year.

27. Specifically concerning the cost of related services, IHO Farago ordered DOE to pay the lowest cost of the actual costs paid, 1/25 of the annual salaries of related service providers employed by iBRAIN or the lowest amount paid by DOE to the same providers for comparable services during the 2018-2019 school year.

**SRO Appeal No. 19-076**

28. Both Plaintiff and DOE subsequently appealed the FOFD to the New York State Education Department's Office of State Review. Plaintiff's appeal sought modification of the award of related service costs while DOE's appeal sought to overturn the FOFD as a whole.

29. By decision dated November 4, 2019, State Review Officer ("SRO") Justyn P. Bates issued a determination in SRO Appeal No. 19-076. Said SRO decision substantially upheld the findings in IHO Farago's FOFD, including the determinations that DOE denied S.J.D. a FAPE and that iBRAIN was an appropriate placement for her. However, SRO Bates modified and reversed the portion of the FOFD relating to the award of tuition costs by ordering that "the district shall be required to reimburse the parent for 75 percent of the costs of the student's attendance at iBrain for the 2018-2019 school year, including the costs of related services and transportation."

30. In so doing, SRO Bates erroneously concluded that "equitable considerations warrant a 25 percent reduction of the costs of the student's attendance at iBRAIN for the 2018-2019 school year, including the costs of related services and transportation."

31. The SRO erred in finding, *inter alia*, that Plaintiff's lawfully permissible requests that the IEP meeting be held at a mutually convenient date and time and that a DOE physician, a parent member and social worker participate at the IEP meeting constituted equitable considerations that favored DOE and warranted reduction of the award in favor of Plaintiff.

32. The SRO also erred in finding that an analysis of the balance of equities can result in a reduction of an award in favor of a parent such as Plaintiff, where there has been an explicit finding

that DOE denied the parent's child of a FAPE, such as IHO Farago's finding in the FOFD that DOE denied S.J.D a FAPE.

33. Pursuant to 20 U.S.C. §1415(i)(2), Plaintiff seeks appellate review and reversal of SRO Bates' Decision in Appeal No. 19-076, dated November 4, 2019, concerning the reduction of the award in favor of Plaintiff.

## **RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

    a.     Enter a judgment:

         i.     Vacating SRO Appeal No. 19-076, to the extent that the SRO reduced the award of tuition and costs at iBRAIN for the 2018-2019 school year, by 25 percent;

         ii.     Awarding Plaintiff the full cost of tuition and related expenses for S.J.D.'s attendance at iBRAIN for the 2018-2019 school year, including the full costs of related services and special transportation accommodations;

         vi.     Awarding to Plaintiffs their costs and attorneys' fees; and

         vii.     Granting such other and further relief as this Court deems just and proper.

    b.     Issue an order of injunctive relief:

         i.     Requiring DOE to ensure that a DOE physician, a parent member and social worker participate at S.J.D.'s future IEP meetings, including the IEP meeting to be held for the 2020-2021 school year, and that a DOE physician appear at all such meetings in person, pursuant to 8 N.Y.C.R.R. § 200.3(a)(1)(vii) and 8 N.Y.C.R.R. § 200.5(d)(7), and in light of the importance of medical information in addressing S.J.D's management needs.

Dated: March 4, 2020

        Respectfully submitted,

        _____
        Karl Ashanti, Esq.
        Bain Injury Rights Group, Ltd.
        Attorneys for Plaintiffs
        300 E. 95th Street, Suite 130
        New York, NY 10128
        (646) 850-5035